IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IAN HUMPHREY,

                Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,

                Defendant.

ORDER

16-cv-370-jdp

---

This case has been remanded by the Court of Appeals for the Seventh Circuit for further proceedings on pro se plaintiff Ian Humphrey's claim that defendant Navient Solutions, Inc. failed to conduct a reasonable investigation under 15 U.S.C. § 1681s-2 to determine whether it was inaccurately reporting as past due Humphrey's loans under the Federal Family Education Loan Program in December 2012 and again from July 2013 through December 2013. Dkt. 165. I directed the parties to inform the court of what steps they believe need to be taken to resolve the claim, Dkt. 166, and both sides have responded, Dkt. 167 and Dkt. 168.

Navient renews its request for summary judgment on the ground that Humphrey hasn't adduced evidence that Navient's conduct caused him any damages. I did not address the issue before because I granted Navient's motion for summary judgment on other grounds. I have reviewed Navient's original motion and I am not convinced that the issue of damages can be resolved on summary judgment. Navient is free to raise its arguments at trial or in the context of a motion under Federal Rule of Civil Procedure 50.

Humphrey raises two issues in his response. First, he says that he wants the opportunity to conduct additional discovery so that he can obtain Navient's "complete . . . contract with the Department of Education and their communications regarding this lawsuit." Dkt. 167, at

1. But the deadline for completing discovery had already passed when I issued issued the summary judgment decision. *Compare* Dkt. 31, at 3 (setting September 8, 2017 discovery cutoff) *with* Dkt. 137 (granting summary judgment on September 13, 2017). Humphrey does not explain why he failed to obtain this information before. He also doesn't explain how the information might be relevant to his claim. The question raised by the claim is whether Navient failed to conduct a reasonable investigation to determine whether it was inaccurately reporting the status of Humphrey's debt. There is no apparent connection between Humphrey's claim and Navient's contract or communications with the Department of Education.

Second, Humphrey says that the "litigation could have been ruled on differently" and he asks the court to "set a deadline very soon for a recusal motion." *Id.* at 2–3. This request is unnecessary because Humphrey is free to file a recusal motion whenever he wishes. But Humphrey should know that "judicial rulings rarely present a valid basis for a recusal motion." *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009). Because the court's rulings are the only reason Humphrey identifies for seeking recusal, the court sees no basis for staying the proceedings until after Humphrey has filed his motion.

Neither side has identified a reason to delay the proceedings. I will direct the clerk of court to set a telephone conference to determine a trial date and related deadlines.

Also before the court is a document that Humphrey calls a "motion to dismiss" his claims against Equifax Information Services, Experian Information Services, and Transunion. Dkt. 169. But I already dismissed those defendants from the case and the court of appeals affirmed that decision, so I will deny this motion as moot.

ORDER

IT IS ORDERED that

1. The clerk of court is directed to set a telephone conference before Magistrate Judge Stephen Crocker to set a trial date and related deadlines.

2. Plaintiff Ian Humphrey's "motion to dismiss" Equifax Information Services, Experian Information Services, and Transunion, Dkt. 169, is DENIED as moot.

Entered March 5, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge